UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RONALD JOHNSON**                                          **CIVIL ACTION**

**VERSUS**                                                  **NO. 16-6639-JVM**

**MARLIN GUSMAN, ET AL.**

## ORDER AND REASONS

Plaintiff, Ronald Johnson, a state pretrial detainee, filed this federal civil action pursuant to 42 U.S.C. § 1983.  He sued Orleans Parish Sheriff Marlin Gusman, Dr. Scott Kennedy, and Debra Gray.  Plaintiff claims that the defendants have been deliberately indifferent to his serious medical needs, in that they have refused to provide him with medical treatment for a hernia.[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.[2]

The defendants have filed motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[3]  Plaintiff was ordered to file memoranda in response to those motions,[4] but he has failed to comply with that order.

Regarding motions for summary judgment, the United States Fifth Circuit Court of Appeals has explained:

> Summary judgment is appropriate when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  We consider the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor.
> Once a movant who does not have the burden of proof at trial makes a properly supported motion for summary judgment, the burden shifts to the

---

[1] Rec. Doc. 1.
[2] Rec. Doc. 15.
[3] Rec. Docs. 21 and 25.
[4] Rec. Docs. 24 and 26.

> nonmovant to show that the motion should not be granted. To do so, the nonmovant must identify specific evidence in the record and articulate the precise manner in which that evidence supports his or her claim. Neither we nor the district court have a duty to sift through the record in search of evidence to support the nonmovant's opposition to summary judgment.

Edwards v. Continental Cas. Co., 841 F.3d 360, 362-63 (5th Cir. 2016) (footnotes, quotation marks and ellipsis omitted). Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment. Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996).

In their motion, the defendants argue, *inter alia*, that the claims against them must be dismissed because plaintiff failed to exhaust his administrative remedies prior to filing suit. For the following reasons, it is clear that the defendants are correct.[5]

The Prison Litigation Reform Act of 1995 ("PLRA"), as amended, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Federal courts have taken a strict approach to the exhaustion requirement. For example, the United States Supreme Court held that the exhaustion requirement is "mandatory," Porter v. Nussle, 534 U.S. 516, 524 (2002), and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong," id. at 532. The Supreme Court further held that "an inmate must exhaust

---

[5] Because plaintiff did not in fact exhaust his administrative remedies, the Court need not, and does not, address the defendants' alternative grounds for dismissal.

irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). The United States Fifth Circuit Court of Appeals therefore concluded that "[q]uibbles about the nature of a prisoner's complaint, the type of remedy sought, and the sufficiency or breadth of prison grievance procedures were laid to rest in Booth." Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).

The Fifth Circuit has emphatically held that the mandatory exhaustion requirement cannot be excused by a federal court. The Fifth Circuit stated:

> [T]here can be no doubt that pre-filing exhaustion of prison grievance processes is mandatory. We thus hold that Underwood [v. Wilson, 151 F.3d 292 (5th Cir. 1998),] has been tacitly overruled and is no longer good law to the extent it permits prisoner lawsuits challenging prison conditions to proceed in the absence of pre-filing administrative exhaustion. *District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint.* It is irrelevant whether exhaustion is achieved during the federal proceeding. *Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.*

Gonzalez v. Seal, 702 F.3d 785, 788 (5th Cir. 2012) (emphasis added; footnote omitted). Although the mandatory nature of the exhaustion requirement may seem harsh, it is necessary to accomplish the PLRA's goals. As the United States Supreme Court has explained:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might "filter out some frivolous claims." And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

Porter v. Nussle, 534 U.S. 516, 524-25 (2002) (citations omitted).

In support of their motions, the defendants have submitted the affidavit of Tangy Verret, the acting grievance coordinator of the Orleans Parish Sheriff's Office. In her affidavit, Verret states that the Orleans Parish prison system has in place a grievance procedure which consists of two steps: "the initial grievance filled out by the inmate via electronic kiosk, with a review and response by appropriate staff; and an appeal of that response to the designated Grievance Appeal Officer."[6] The defendants also submitted complete copies of plaintiff's grievance records which show that, although he has filed numerous grievances, he has not pursued any of those grievances to the second step of the grievance procedure.[7] Plaintiff has offered nothing to rebut the defendants' evidence on these points; on the contrary, he has not opposed the motions for summary judgment in any manner whatsoever.

The United States Fifth Circuit Court of Appeals has explained: "'Exhaust' is defined as 'to take complete advantage of (legal remedies).'" Underwood v. Wilson, 151 F.3d 292, 294 (5th Cir. 1998) (quoting Webster's New Int'l Dictionary 796 (3rd ed. 1981)). As a result, administrative remedies are not exhausted unless a prisoner pursued his grievance through the *conclusion* of a multi-step administrative remedy procedure. Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001); see also Hemphill v. Inglese, 359 Fed. App'x 537, 540 (5th Cir. 2010) ("[C]omplying with the first step of an administrative grievance procedure will not suffice to exhaust administrative remedies if the grievance procedure contemplates additional steps."). In the instant case, it is undisputed that plaintiff did not pursue his grievances through the second step

---

[6] Rec. Doc. 21-7, pp. 1-2; Rec. Doc. 25-6, pp. 1-2.
[7] Rec. Doc. 21-7, pp. 3-22; Rec. Doc. 25-6, pp. 3-22. See also Rec. Doc. 21-8, Statement of Uncontested Facts, p. 4, ¶ 17 ("Plaintiff never proceeded past the first step of the Administrative Remedy Procedure."); Rec. Doc. 25-2, Statement of Uncontested Material Facts, p. 4, ¶ 23 ("Plaintiff did not exhaust his administrative remedies prior to filing suit as none of his grievances were appealed once they received a response.").

of the applicable grievance procedure and, therefore, his administrative remedies were not exhausted.

Because the plaintiff failed to pursue his administrative remedies to their conclusion as required by federal law, thereby giving the defendants a fair opportunity to consider and possibly resolve the claims without litigation, it is not appropriate for this Court to consider those claims.

Accordingly,

**IT IS ORDERED** that the defendants' unopposed motions for summary judgment, Rec. Docs. 21 and 25, are **GRANTED** and that plaintiff's claims are dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, based on his failure to exhaust his administrative remedies.[8]

New Orleans, Louisiana, this tenth day of March, 2017.

*[signature]*
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**

---

[8] If an inmate files in federal court an *in forma pauperis* complaint containing claims that have not been exhausted through available administrative remedies, those claims should be dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. See Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998); Walcott v. Crabtree, Civ. Action No. 13-71, 2013 WL 5236643, at *4 n.17 (E.D. La. Sept. 13, 2013); Fitch v. Louisiana Department of Public Safety & Corrections, Civ. Action No. 08-cv-1126, 2009 WL 1076749, at *3 (W.D. La. Apr. 20, 2009). Plaintiff filed this lawsuit *in forma pauperis*. See Rec. Docs. 2 and 3.